Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PHILIP JOHNSON for Himself, Respondent, for Injuries Sustained, under the Workmen's Compensation Law, *v.* FARIBAULT BUILDING CORPORATION, Employer, and ROYAL INDEMNITY COMPANY, Insurer, Appellants.

*Workmen's Compensation Law — injury in course of employment — claimant, assistant foreman of carpenters, injured by collision between his motorcycle and automobile while returning from carrying another employee home.*

Appeal from decisions and awards of the State Industrial Commission bearing dates July 11, 1919, and August 5, 1919.

Award affirmed. All concur, except H. T. Kellogg, J., dissenting, with a memorandum.

H. T. KELLOGG, J. (dissenting): The claimant was employed as an assistant foreman of carpenters in the construction of a building. His employer

was a corporation which had placed a man named Wallace in charge of the building to act as superintendent of the work of construction. At about six o'clock on a certain afternoon, Wallace stepped up to the claimant, who was still at work, and asked him to drive him home. Claimant acceded to the request, and made the trip carrying Wallace on a motorcycle owned by him. On his return journey to the building he sustained an accidental injury due to a collision between the motorcycle and an automobile. Wallace was not the employer of the claimant, but was himself an employee of the corporation for which the claimant worked. It was no part of the duty of the employing corporation to convey Wallace from his work to his home. Consequently, Wallace himself was not in the course of his employment while he was being carried by the claimant. Similarly his conveyance by claimant was not a service appertaining to the employment of claimant by the corporation. The fact is immaterial that Wallace might have discharged the claimant if he had refused to carry him, for that refusal would not have constituted a legal ground for his discharge. If claimant had at the request of Wallace taken him out in his motorcycle for an afternoon's pleasure ride the claimant would clearly not have been in the course of his employment, yet he might have been discharged by Wallace if he had refused to make the trip. The case is on all fours with *Culhane* v. *Economical Garage Company* (188 App. Div. 1). In that case an employee in an automobile garage, at the direction of the foreman in charge thereof, examined a pistol which had been found in one of the cars housed in the garage. The pistol accidentally discharged a bullet into the chest of the employee who subsequently died from the wound. It was held that the employee was not acting in the course of his employment. In writing the opinion for the court, Mr. Justice Cochrane said: " It clearly appears, therefore, that Day [the foreman] was not acting in his capacity as foreman when he asked the deceased to enter the office for the purpose of looking at the revolver. That was not a command but an invitation. The deceased was under no obligation to comply. For his refusal to do so he could not have been lawfully discharged." In the present case the superintendent Wallace was not a stockholder, director or other general officer of the corporation which employed him. Like Day in the garage case he was in fact a mere foreman in charge of a building. He had no authority from his employer to direct claimant to take him home, and the direction given was not the direction of the employer. It clearly follows that the claimant was not acting in the course of his employment at the time he received his injury. The award should be reversed and the claim dismissed.