In the Matter of the Claim of PHILIP JOHNSON, Respondent, against FARIBAULT BUILDING CORPORATION et al., Appellants.

*Workmen's Compensation Law — employe injured from collision while returning to work on his motorcycle after taking superintendent, in charge of work, home, at his request — accident not one arising out of and in course of employment.*

*Johnson* v. *Faribault Building Corpn.*, 192 App. Div. 929, reversed. (Argued October 4, 1920; decided October 19, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law. The claimant was employed as an assistant foreman of carpenters in the construction of a building. His employer was a corporation which had placed a man named Wallace in charge of the building to act as superintendent of the work of construction. At about six o'clock on a certain afternoon, Wallace stepped up to the claimant, who was still at work, and asked him to drive him home. Claimant acceded to the request, and made the trip carrying Wallace on a motorcycle owned by him. On his return journey to the building he sustained an accidental injury due to a collision between the motorcycle and an automobile. Defendants contended that the accident did not arise out of and in the course of claimant's employment.

*Barnett Cohen* and *Frank J. O'Neill* for appellants.
*James Burke, Jr.*, for claimant, respondent.
*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for state industrial commission, respondent.

Order of Appellate Division and award of state industrial commission reversed and claim dismissed, with costs against the state industrial commission, on the dissenting opinion of HENRY T. KELLOGG, J., below.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ.