AUGUST PIERDILUCA, Respondent, *v.* JOSEPH D. BENEDETTO and Another. Defendants, Impleaded with BRUNO DE RAFFELE, Appellant.

Second Department, October 29, 1924.

**Motor vehicles — action for injuries suffered by plaintiff when defendant's automobile, in which plaintiff was riding, collided with another automobile — plaintiff was employed by defendant — at time of accident plaintiff was on way to work — accident did not arise out of employment — mere statement by defendant that employment began when plaintiff left home raised no issue for jury — ruling of trial court that, as matter of law, plaintiff was not in employ of defendant at time of accident, was proper.**

The plaintiff did not receive an injury arising out of and in the course of his employment thereby compelling him to seek relief under the Workmen's Compensation Law, since it appears that he was in the general employ of the defendant; that at the time of the accident he was riding in an automobile operated by the defendant which collided with another automobile; that at that time the plaintiff was going from his home to his work; and that there was no agreement between the plaintiff and the defendant, his employer, for transportation to and from work. The mere statement by the defendant that he intended to pay the plaintiff from the time he left his home to go to work is not supported by the evidence.

The mere statement by the defendant of his intention, which was not communicated to the plaintiff, that the plaintiff would be paid from the time he left his home did not raise an issue for the jury, and the court was right in holding, as a matter of law, that the plaintiff was not in the employ of the defendant at the time of the accident and was not entitled to compensation under the Workmen's Compensation Law.

APPEAL by the defendant, Bruno De Raffele, from a judgment of the County Court of the county of Westchester in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 4th day of February, 1924, upon the verdict of a jury for $1,130, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Martin B. Faris* [*Julian S. Eaton* and *Owen B. Augspurger* with him on the brief], for the appellant.

*Jeremiah D. Toomey,* for the respondent.

KELLY, P. J.:

The plaintiff, respondent, has recovered a judgment for $1,302.10 against defendant De Raffele, appellant, for injuries sustained through the personal negligence of said defendant as found by the jury. On November 15, 1922, plaintiff was riding in an automobile operated by defendant, appellant, in Mt. Vernon, N. Y., and the vehicle was in collision with another automobile belonging to defendant Benedetto, Sr., and operated by defendant Benedetto, Jr. Plaintiff sued appellant and the two Benedettos. On the trial before the county judge the complaint was dismissed as to Benedetto, Sr., the jury found a verdict in favor of Benedetto, Jr., and against defendant, appellant, De Raffele.

For a separate defense the said defendant pleaded that at the time of the accident plaintiff was in his employ as a bricklayer, and that the accident arose out of such employment. Defendant, therefore, alleged that plaintiff must seek compensation under the Workmen's Compensation Law.

The learned county judge charged the jury as matter of law that at the time of the accident plaintiff was not in the employ of defendant De Raffele and that he was not entitled to compensation under the Workmen's Compensation Law. Defendant asked the court to submit the question to the jury and the court refused, defendant excepting.

The only question presented upon this appeal is the correctness of the ruling of the learned county judge that as matter of law the plaintiff was not in the employ of defendant, appellant, at the time of the accident.

There was no agreement between plaintiff and his employer that plaintiff should be entitled to transportation to and from his work. The mere *ipse dixit* of the defendant that plaintiff's pay began at the time he left his home to go to work is not supported by any evidence in the case. It is the conclusion of the

defendant but it is contradicted by the conceded facts. Defendant never agreed to pay plaintiff for his time while going to work, and when after the accident he paid him the wages due, he paid him for the time he was actually on the job, laying brick. Defendant testifies that he never told the plaintiff that he was entitled to pay from the time he left his house to go to work; he says that was his " intention," but that plaintiff did not know anything about this unusual liberality. And he, somewhat naively, admits that he never stated his " intention " to the plaintiff because " I did not know that thing was going to happen." On the evidence of the agreement between plaintiff and his employer, the bricklayer was entitled to pay when he was actually at work. The mere conclusion of the employer, contradicted by the facts, or his statement that some delegate from a labor union so instructed him (defendant), raised no issue of fact for submission to the jury. (*Matter of Bennett,* 207 App. Div. 388; affd., 238 N. Y. 583.) The plaintiff and his fellow-laborers had quit work at nine o'clock in the morning on account of rain and had gone to their homes. An hour later, the weather clearing, the appellant employer being desirous of hastening the work, drove his automobile to plaintiff's house and requested him to come back to the job and resume work. Plaintiff, consenting, entered defendant's automobile which proceeded away from the location of the work to pick up another laborer. While on this errand and before the home of the second laborer had been reached, the employer's automobile collided with another vehicle, as the jury have found, through the negligent operation of the employer. For the injury sustained plaintiff has recovered a verdict. We think the learned county judge was right in holding as matter of law that the plaintiff's injury did not arise out of and in the course of his employment. (Workmen's Compensation Law, § 10; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 152; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 id. 489, and cases cited.)

The judgment and order of the County Court of Westchester county should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and YOUNG, JJ.

Judgment and order of the County Court of Westchester county unanimously affirmed, with costs.