In the Matter of the Claim of IGNATZ GLASER, Respondent, against IDEAL GUARANTEE ROOFING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1927.

**Workmen's compensation — employee, after working hours, was accompanying employer — injury did not arise out of and in course of employment.**

The claimant did not suffer an injury in the course of and arising out of his employment, since it appears that after he had finished his day's work at his employer's shop, his employer took the claimant part of the way to claimant's home, and then, when the employer learned that he had left something at the shop, he returned there with the claimant, and while the claimant was crossing the street for the purpose of procuring the article that had been left at the shop, he was injured. At the time of the injury the claimant was not in the course of his employment, but was merely acting for his employer in a personal matter not connected with his employment. He had been advised by his employer not to return to the shop with him.

APPEAL by Ideal Guarantee Roofing Company and another from an award ·of the State Industrial Board, made on the 30th day of December, 1926.

*Bernard J. Vincent* [*T. Carlyle Jones* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

McCANN, J.   The claimant was employed as a tinsmith's helper by Harry Bellet who, under the name of the Ideal Guarantee Roofing Company, was doing sheet metal work and roofing at the corner of One Hundred and Tenth street and Third avenue, New York city.   His work was done solely within the shop of the employer.   He resided in The Bronx and frequently remained at the shop after closing hours and when the work for the day was finished, rode part of the way home in the truck of his employer, whose home was in the same direction.   There was no contract to furnish transportation but it was solely for the convenience of the claimant.   On the day of the accident the claimant stopped work at six P. M.   The shop was closed for all work at that hour and he waited there until six-thirty P. M. until his ·employer was ready to go home when he accompanied him on the latter's truck from the place of business.   The employer drove the truck to One Hundred and Sixteenth street when he suddenly remembered that he had left in the shop a chicken which he had intended to take home for dinner.   He told claimant that he had better get off the truck and take the elevated train and continue on his way home.   The claimant, however, stated that he would accompany the employer back to the shop which he did.   On arriving at the shop claimant jumped off the truck and at the request of his employer, took the key to the shop to get the chicken which had been left there.   As he was crossing the street, he was injured by an automobile.

The only question raised is whether the accident arose out of and in the course of the employment.   The testimony shows that the occasion was after working hours; that the shop was closed; that the errand was in no way connected with the employment or incidental thereto.   Had there been any established custom or contract upon which reliance could be had by the employer as to the transportation of the employee, it was ended by the remark of the employer when he turned to go back to his shop, ·when he suggested to the claimant that he take the elevated train and go on home while he, the employer, returned to the shop for the package which had been left there.   After this remark by the

employer, the employee volunteered to go back with him.   Therefore, at the time of the accident, he was not on his way home but had turned back on this errand which was in no way connected with the employment of the claimant, but was a purely personal matter of the employer.

The appellant distinguishes many cases where an employee was being transported under circumstances which were claimed to place him within the course of his employment.   In *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.* (229 N. Y. 489) the deceased was employed by an elevated railroad company.   He had finished his work for the day and went out upon the station platform with the intention of taking a passenger train to his home.   The company permitted Gottesfeld to ride to and from his work upon their trains without charge although it was not obligated to transport him. A few minutes after leaving the company's office his body was found at the end of the station platform.   The Industrial Board found that the accident arose out of the deceased's employment and awarded his dependents compensation.   The Court of Appeals, however, dismissed the claim and held that death did not arise out of and in the course of the deceased's employment.   It is stated in the opinion as follows: " The company permitted him [Gottesfeld] to ride to and from his work upon the cars or trains without charge.   The contract of employment did not obligate the company to transport him.   In enjoying or exercising the permission he adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day's work began.   It did not contract that he should ride to and from work or pay him for the time through which he was riding.   *The transportation was not an incident of the employment.*   The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate.   If they do not so stipulate the employee when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee."   (See, also, *Tallon* v. *Interborough Rapid Transit Co.*, 232 N. Y. 410; *Stimal* v. *Jewett & Co.*, 205 App. Div. 170; *Sabatelli* v. *De Robertis*, 192 id. 873; affd., 230 N. Y. 592; *Johnson* v. *Faribault Bldg. Corporation*, 192 App. Div. 929; 229 N. Y. 626; *Pierdiluca* v. *Benedetto*, 210 App. Div. 441; *Kelleher* v. *Kelleher, Inc.*, 204 id. 586.)

In the case at bar claimant testified that he was not working over time on the occasions when he rode home with his employer, and that he never had been paid for any work done outside of the shop after six o'clock.   The principal case relied upon by claimant is

*Matter of Grieb* v. *Hammerle* (222 N. Y. 382) in which the facts are somewhat similar, but which can be clearly distinguished from the present case.   In the *Grieb* case the employee was a cigar packer. When he was not busy packing cigars, his custom was to deliver the cigars to customers when so requested by his employer.   He did this frequently during business hours and sometimes after working hours and then his employer gave him car fares and the price of a drink.   On the day of the accident Grieb left the factory in the afternoon about four o'clock.   "In the evening, he passed by with two friends, who had been fellow-employees.   They saw a light in the factory, and went upstairs.   They found the employer tying up two boxes of cigars.   He had called that evening at the Amos Hotel, had been asked by the proprietor to deliver some cigars, and had gone to the factory to get them.   After some talk about other matters, the employer asked Grieb to deliver the boxes at the hotel, and to take the bill with him, presumably for collection.   Grieb consented, and received the boxes and the bill. He left his employer and his two friends in the factory.   On his way downstairs, he fell, and was killed."

It was held that the accident arose out of and during the course of Grieb's employment.   *The work done by Grieb was the same class of work that he was accustomed to do during the day; it was done on the same premises and in the same manner and under the same conditions.   He had often done the same work before with no reimbursement other than car fare and no remuneration other than the price of a drink.*   The court held in that case that the payment of wages was not the sole test.   The outstanding distinction between the *Grieb* case and the case at bar is that the service performed here was not rendered in the employment and was in no manner incidental to the employment.   It was after the employment ended.   It was not even on the way home from the employment.   The employee acted as an assistant to a tinsmith and the service that he rendered on the occasion of the accident was purely personal in doing that which any person would naturally do for another without pay, in crossing the road to procure a package of food which the employer had left at the shop.   In commenting upon the conduct of Grieb, the court says: "All the circumstances point to the conclusion that Grieb left the factory on the fatal errand for the sole purpose of helping the master in the *transaction of the master's business.*   It was not mere friendship, it was the relation of employer and employee, that led the one to request the service and the other to render it."

In the present case, the employee was riding with the employer for his own convenience and when the employer discovered that

he had left the package behind in the shop, he requested the employee to take the elevated train and go on home. However, the employee volunteered to return with him. It was not, as in the *Grieb* case where the relationship between the employer and employee led the one to request the service as a part of the employment and the other to render it. In the case at bar the employer might have asked the same of any guest. Herein lies the distinction between the two cases. The *Grieb* case is not analogous as in that case the errand was a continuation of the regular employment and here the errand was not an incident of the employment but was a personal matter.

The award should be reversed, with costs against the State Industrial Board.

COCHRANE, P. J., VAN KIRK, HINMAN and DAVIS, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.