RICHARD GREEN, Respondent, *v.* THE TRAVELERS INSURANCE COMPANY, Appellant.

Fourth Department, June 28, 1940.

*McKinley L. Phillips* [*W. Travis Look* with him on the brief], for the appellant.

*Edwin G. O'Connor*, for the respondent.

CROSBY, P. J. The facts herein are stipulated. Defendant issued to plaintiff a public liability policy indemnifying him against liability for damage or injury to third persons arising out of the use of a certain Ford truck. The policy was in force at the time of an accident in which one May was injured. The cause of the accident is here immaterial, since May recovered a judgment against the plaintiff herein in a suit which the defendant herein refused, on demand, to defend. Defendant, in the instant case, disclaimed liability on the ground that its policy did not cover the plaintiff's liability for the results of this accident.

The general coverage of the policy was limited by a clause which excluded " injury to * * * any employee of the insured while engaged in the business of the insured other than [certain immaterial exceptions] or to any obligation for which the insured may be held liable under any workmen's compensation law."

It is stipulated that plaintiff had not elected to bring the employment, in which May was engaged, within the scope of the Workmen's Compensation Law. Therefore, the only question we have before us is whether or not May was an " employee of the insured " injured " while engaged in the business of the insured."

Plaintiff was a farmer engaged in the raising of berries. All his berry pickers were piece workers, paid so much per quart. Some of the berry pickers came to work in their own conveyances, and some, including May, were transported to and from their work pursuant to " the custom and understanding of the plaintiff to pick up certain of his currant pickers at Dunkirk, transport them to his farm and then after the day's work transport said pickers back to Dunkirk."

May and those in his class were not paid any more for coming all the way from Dunkirk nor any less for the free transportation. They received the same wage per quart that was paid to berry pickers who furnished their own conveyances.

At the time of the accident May was being transported in the plaintiff's insured truck from Dunkirk to plaintiff's farm. Was May, at that time, an employee of plaintiff, engaged in his business? If he was, defendant's policy does not cover plaintiff's liability; if he was not, then plaintiff's judgment should be affirmed.

Respondent's reliance is placed mainly on three cases: *Schultz* v. *Beaver Products Co., Inc.* (223 App. Div. 582; affd., 250 N. Y. 565); *Glaser* v. *Ideal Guarantee Roofing Co.* (221 App. Div. 434) and *Kowalek* v. *N. Y. Consolidated R. R. Co.* (229 N. Y. 489).

In the *Schultz* case an employee was riding home, after his day's work was done, on a truck of the employer. The opinion states that the employer's superintendent " knew that men were riding," but it also states that the truck driver " had not been instructed to carry men   *   *   *   nor had he been instructed to carry or wait for deceased." And in speaking of the employees who rode on the employer's truck the opinion states: " The same men and the same number of men did not always ride and the driver did not wait for any particular men."

The situation in the *Schultz* case differs materially from that in the instant case. Here the plaintiff was interested in getting his Dunkirk berry pickers to his berry farm; he sent his own truck for the very purpose of bringing them; when he did it there was a " custom and understanding of the plaintiff to pick up certain of his currant pickers at Dunkirk, transport them to his farm " and return them. Why should there be that. " custom," and why should plaintiff have that " understanding " unless it was really a condition of the contract of employment that plaintiff should transport May and others as a part of the consideration for their coming to his farm to pick berries?

In the *Glaser* case the employee had finished his day's work, and his employer, purely as a matter of accommodation, was giving him a ride toward his home. On the way the employer thought of a package he wanted and had inadvertently left at his shop. The employer suggested that the employee disembark and take the elevated railroad to his home as he, the employer, was going to go back for the package. The employee elected to accompany the employer back to his shop, and on reaching the shop, went into the shop, at the request of the employer, to get the package. He was injured while crossing the street to get the package.

The opinion states: " Had there been any established custom or contract upon which reliance could be had by the employer as to the transportation of the employee, it was ended by the remark of the employer when he turned to go back to his shop, when he suggested to the claimant that he take the elevated train and go on home while he, the employer, returned to the shop," etc.

It was held that the claimant was not injured while performing the duties of his employment.

But in the instant case there existed the " custom," if not the express contract pursuant to which plaintiff carried May to and from his work.

In the *Kowalek* case the employee was permitted " to ride to and from [his] work upon the cars or trains [of the employer] with-

out charge." In that case the opinion states: "In enjoying or exercising the permission he [the employee] adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day's work began. * * * The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate."

Since the employer, here, had the "understanding" that he was to transport May, and since the "custom" of doing so had grown up, and, in view of the fact that plaintiff's business was furthered thereby, we think that May, an employee, was injured while engaged in the business of plaintiff, and that the coverage of the defendant's policy excluded the results of this accident. (See *Littler* v. *Fuller Co.*, 223 N. Y. 369.)

It is also stipulated as a fact, though not conceded by defendant to be relevant and material, that, three years before the accident to May, another employee of plaintiff was injured under like circumstances, and that defendant, under a similar policy to the one here involved, paid the damage without contesting its liability.

If there were enough in the record to support a finding that, through a course of dealing, the defendant had led plaintiff to rely upon the protection here claimed by him the plaintiff might, perhaps, recover on that ground. But there is nothing in this record to show under what circumstances the defendant assumed liability in the case of the former accident.

We have examined respondent's claim that, under the wording of the exclusion clause of the policy, the plaintiff can recover even though it be found that May was an employee of plaintiff and engaged in his business, and think that such claim has no merit.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.