DANIEL RYAN, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

First Department, December 20. 1940.

*Kenneth O. Mott-Smith* of counsel [*C. Austin White* with him on the brief; *Clive C. Handy*, attorney], for the appellant.

*Sidney J. Feltenstein* of counsel [*I. Jesse Winter*, attorney], for the respondent.

COHN, J. On Saturday, October 28, 1939, at nine-thirty P. M., plaintiff was run over by one of defendant's trains in the city of

New York at Tenth avenue between Thirtieth and Thirty-first streets, as a result of which he lost his left leg. The railroad tracks upon which defendant operated its trains at the scene of the accident cross the west sidewalk of Tenth avenue. According to plaintiff's testimony, while walking north along the west sidewalk, he observed standing on the most southerly railroad track three feet west of the building line a motionless engine, headlight unlighted. He then proceeded north from the point where he was first in a position to see the engine, walked at a normal pace and covered the intervening fifteen feet to the track; he placed one foot over the nearest rail when he observed the engine suddenly move forward toward him without warning. In an attempt to jump back he was caught by the overhang of the engine and knocked forward on his face. He was dazed by this impact and lay alongside the rail when he was struck again while attempting to rise, and was then rendered unconscious. No witnesses were called by plaintiff to substantiate his testimony as to how this accident occurred.

Defendant called nine of its employees. These included the crew of the train. No one of them saw plaintiff struck but testimony of these witnesses as to the operation of the train and as to what was observed prior to and at the time of the occurrence of the accident, together with evidence that blood marks were visible on two wheels of the south of the rear truck of the fourth car from the head end of the train, were offered to show that the accident could not have occurred in the manner described by plaintiff. Defendant frankly concedes that it is unable to explain just how plaintiff received his injury except that he must have been struck by, or that he walked into, one of the cars of the train.

We think that the issue presented in this case was purely a question of fact within the exclusive province of the jury. The court's charge adequately protected defendant's rights and vividly brought home to the jury the issue to be decided. There appear to be no errors in the admission or exclusion of evidence nor did either side take any exception or make any requests with respect to the charge of the learned court which covered the issues with completeness and with clarity.

Though the plaintiff produced no witnesses to corroborate his story as to how he received his injury, this is readily understandable in view of the time and place of the occurrence. The plaintiff's story was not inherently improbable and the jury who heard his recital and the testimony of all of defendant's witnesses, chose to believe him. There is no proof that the jury in reaching its conclusion, was influenced by bias, passion or prejudice. In the circumstances, its determination of the issues of fact should not be disturbed.

The judgment should, accordingly, be affirmed, with costs.

O'MALLEY, TOWNLEY and DORE, JJ., concur; MARTIN, P. J., dissents and votes to reverse and grant a new trial.

MARTIN, P. J. (dissenting). I dissent and vote to reverse the judgment and order a new trial. The verdict of the jury rested on the sole testimony of the plaintiff. His version of the manner in which the accident occurred was contradicted by numerous employees of the defendant whose testimony was supported by the physical facts.

Although the trial court denied a motion to set aside the verdict, he stated: " I think it is contrary to the weight of the evidence but I do not think I can set it aside. Let the Appellate Division do it. I think it is clearly contrary to the weight of the evidence."

In my opinion the verdict is contrary to the overwhelming weight of the credible evidence. The judgment should be reversed and a new trial ordered.

Judgment affirmed, with costs.