RICHARD GREEN, Appellant, *v.* TRAVELERS INSURANCE COMPANY, Respondent.

Argued April 24, 1941; decided July 29, 1941.

*Edwin G. O'Connor* for appellant. The injured person was not engaged in plaintiff's business at the time of his injury and hence was not subject to the exclusion clause in the policy. (*Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Matter of Schultz* v. *Beaver Products Co.*, 223 App. Div. 582; *Matter of Glaser* v. *Ideal Guarantee Roofing Co.*, 221 App. Div. 434; *Tallon* v. *Interborough R. T. Co.*, 232 N. Y. 410; *Van Gee* v. *Korts*, 252 N. Y. 241.) The exclusion clause formulated by the defendant insurer did not bar the accident from the coverage of the policy. The defendant by voluntarily adjusting a like claim against the plaintiff, confirmed its liability. (*Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Matter of Garelick* v. *Rosen*, 274 N. Y. 64; *Taylor* v. *U. S. Casualty Co.*, 269 N. Y. 360; *Marshall* v. *Com. Travelers Mut. Acc. Assn.*, 170 N. Y. 434; *Matter of Petrie*, 215 N. Y. 335; *People* v. *Bright*, 203 N. Y. 73; *Peters* v. *Prudential Ins. Co.*, 133 Misc. Rep. 780; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Long Island Coach Co.* v. *Hartford A. & I. Co.*, 223 App. Div. 331; *City of New York* v. *N. Y. City Ry. Co.*, 193 N. Y. 543; *Utterback-Gleason Co.* v. *Standard Acc. Ins. Co.*, 193 App. Div. 646; 233 N. Y. 549; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455.)

*McKinley L. Phillips* and *W. Travis Look* for respondent. Commercial employees of the insured, while engaged in his business, are expressly excluded from the purview of the policy. (*Weiss* v. *Employers Liability Assur. Corp.*, 131 Misc. Rep. 301; *Shapiro* v. *Employers Liability Assur. Corp.*, 139 Misc. Rep. 454.) The injured man was an employee of the insured and was engaged in the latter's business at the time of the accident. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *Matter of Kowalek* v. *New York Consol. R. R. Co.*, 229 N. Y. 489; *Matter of Glaser* v. *Ideal Guarantee Roofing Co.*, 221 App. Div. 434; *Matter of Schultz* v. *Beaver Products Co.*, 223 App. Div. 582.)

FINCH, J. Plaintiff, having paid a judgment for personal injuries recovered against him by one May, brings this action to recover his damages from the defendant insurance company pursuant to a general public liability policy issued by it.

The case was submitted to the trial court upon facts stipulated in writing. The policy by which defendant agreed to indemnify plaintiff against liability for damage or injury arising out of the use of a certain Ford truck was in force at the time May was injured. It appears that May was riding in the plaintiff's truck and was injured when a side board fell out as the truck, operated by plaintiff, was rounding a curve. At the time of his injury May was being transported with other persons to pick currants on the farm of plaintiff, it being the custom and understanding of plaintiff to pick up certain of his currant pickers at Dunkirk, transport them to his farm, and then, after the day's work, transport said pickers back to Dunkirk; that said May had so traveled to the plaintiff's farm and picked currants and had been transported back to Dunkirk on the day before the accident in the truck in question; that plaintiff at the time also had other currant pickers who transported themselves to and from his farm, and that these pickers received no more compensation for the currants they picked than did May. As a currant picker May would be performing the work

of a farm laborer within the meaning of section 2 (subd. 4) of the Workmen's Compensation Law (Cons. Laws, ch. 67). Plaintiff has not elected to bring the currant pickers within the scope of the Workmen's Compansation Law.

Although not mentioned in the stipulated facts, both the trial court and the Appellate Division have found that May was employed on a piece-work basis. That is, he was paid by the quart for the berries actually picked, and he was not compensated for his time while riding in the plaintiff's truck.

The dispute here is whether the policy in question covered this injury to May. May sued the present plaintiff, who called upon this defendant to come in and defend. The carrier declined because, in its opinion, " Ferdinand May was an employee of Richard Green."

The trial court found there was nothing in the stipulated facts to indicate that May was an employee of plaintiff engaged in the plaintiff's business at the time of the accident and gave plaintiff judgment for the amount of damages stipulated by the parties. The Appellate Division reversed this judgment and dismissed the plaintiff's complaint.

Plaintiff relies on the provision of the policy by which the carrier undertakes to " pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him  *  *  *,  because of bodily injury,  *  *  *,  sustained by any person or persons, caused by accident or arising out of the ownership, maintenance or use of the automobile."

The defendant relies on an exclusion clause which removes from the coverage of the policy liability for injuries occurring to " any employee of the insured while engaged in the business of the insured  *  *  *." Since this clause was pleaded as a separate and affirmative defense, the burden of proof thereon was upon the defendant. (*Murray* v. *N. Y. Life Ins. Co.*, 85 N. Y. 236.)

The defendant has failed to sustain this burden of proof. The stipulated facts fail to show that May was in the employ of the plaintiff at the time of the accident. As

the trial justice well stated in his opinion, there is nothing in the stipulated facts " to the effect that the transportation of May to and from Green's farm was a part of the contract of hiring either by express agreement or by implication, nor do the facts stated in the stipulation give rise to any inference that such was the case."

An examination of the stipulated facts reveals that those facts carefully refrain from asserting that May was engaged in the business of the insured at the time of the accident. What the stipulated facts do say is more consistent with an arrangement whereby plaintiff was to give May a free ride to and from his farm. In such case the transportation was a gratuity and not a part of May's employment. Indeed, any possible inference that the transportation of May to and from the farm was other than a gratuity is negatived by the language of the stipulation of facts that " after the day's work " it was plaintiff's custom to transport the pickers back to Dunkirk. This is an express statement that the day's work ended at the farm and that thereafter plaintiff gave the pickers a free ride back to Dunkirk as a matter of accommodation. Where the employer gives the employee a ride merely as a matter of accommodation, the ride is a gratuity and not a part of the employment. (*Matter of Glaser* v. *Ideal Guarantee Roofing Co.*, 221 App. Div. 434; *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489.) Furthermore in support of the plaintiff's contention that the transportation was not a part of May's employment, the stipulated facts point out that May received no compensation for the time spent while riding to and from the farm and that he was paid the same wages as other pickers who provided their own transportation. From the nature of the occasion it is obvious that the inclusion and exclusion of language in the stipulation of facts was chosen with great care and deliberate consideration by the parties.

When the parties included in the stipulated facts the phrase that it was " the custom and understanding of the plaintiff to pick up certain of his currant pickers at Dunkirk,

* * *," it is noteworthy that they carefully refrained from intimating in any way that such transportation was a part of the employment. This phrase is as consistent with a mere gratuity or free accommodation as with a part of the employment. Indeed, when read in conjunction with the other parts of the stipulation, particularly that the ride took place *after* the day's work and that May received no compensation during the time spent in transportation, the lack of proof in this phrase so heavily relied upon by the defendant becomes clear.

It is also stipulated, as a fact, that three years before the accident to May, Josephine Scarmado, another employee of plaintiff, was injured under similar circumstances and that defendant under a policy like the one here involved, paid the damages without contesting its liability. Although this stipulation is not sufficient to support a finding that the defendant has led plaintiff to rely upon the protection here claimed, this fact is relevant here since it shows the interpretation heretofore placed upon this contract by these parties.

As the burden of proof to sustain its separate defense was upon the defendant and the defendant has failed to produce evidence sufficient to sustain that burden, the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J. (dissenting). The defendant issued a policy insuring the plaintiff against · liability imposed by law for damages because of bodily injury sustained by another person caused by an accident and arising out of the ownership, maintenance or use of an automobile described in the policy. The policy contained a provision that it " does not apply to * * * injury to * * * any employee of the insured while engaged in the business of the insured." The defendant rejected a claim that the insurance policy covered injuries sustained by one Ferdinand May while riding in the plaintiff's car.

The defendant contends that May at the time of the accident was an employee of the plaintiff and, therefore, not within the coverage of the policy. Whether the plaintiff or the defendant has the burden of proof upon that issue might be important if there had been a trial at which evidence was received upon disputed questions of fact. Here the parties entered into a " stipulation of facts " and the parties submitted the issue to the trial court to be decided upon the facts so stipulated.

Employment arises from contract or agreement. Such agreement may be made in express words or it may arise from a common understanding implied in what is said and done. Here the parties have stipulated that " May, at the time of his injury, was being transported with other persons from Dunkirk out to plaintiff's farm * * * in plaintiff's truck * * * it being the custom and understanding of the plaintiff to pick up certain of his currant pickers at Dunkirk, transport them to his farm and then after the day's work transport said pickers back to Dunkirk. That said May had so travelled to the plaintiff's farm and picked currants and had been transported back to Dunkirk on the day before the date of the accident in the truck in question. That the plaintiff at the time also had other currant pickers who transported themselves to and from his farm and the said other pickers who did so transport themselves to and from plaintiff's farm received no more compensation for the currants they picked than did May who was transported to and from plaintiff's farm by the plaintiff in the plaintiff's truck in question."

Transportation of workmen by an employer to other places of work in accordance with " custom and understanding " is sufficient to support, if not indeed to dictate the inference or conclusion that an agreement to transport was part of the employment. Even assuming, however, that the stipulation of facts including the existence of a custom and understanding are equivocal, the stipulated facts would certainly not support the opposite conclusion. The parties did not intend the trial judge to decide who has the burden

of proof. Such question was removed from the case when the " facts " were stipulated and if the stipulated facts are insufficient to permit determination of the issues, the trial judge should order the issues to be tried out.

RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur with FINCH, J.; LEHMAN, Ch. J., dissents in opinion in which LOUGHRAN, J., concurs.

Judgment accordingly.