PIERCE KINCER, Appellant, v. JAMES KINCER, Respondent.— Appeal from an order of the Supreme Court, Broome County, dismissing the complaint. Plaintiff and defendant are brothers. The complaint alleges that on January 20, 1950, plaintiff was injured while riding in defendant's automobile on a public highway. The negligence of the defendant is pleaded as a cause of the injury. The Special Term dismissed the complaint on the ground that the Supreme Court was without jurisdiction of the action because at the time of the accident the plaintiff and defendant were coemployees of the same employer, were engaged in the employment and plaintiff's injuries arose out of and in the course of the employment. Proof was submitted in support of this contention and the manner in which the proof was received at Special Term and the facts established thereby are not questioned on this appeal. The employer of the parties was a corporation engaged in installing and maintaining utility pole lines. Plaintiff and defendant both worked in the same crew. Their employment required that they report at the employer's garage at 8:00 A. M. It was the custom then to travel on a company truck to the place of actual operations. The work and the payment of wages began when the employees reported for work at the garage and continued during the trip to the actual place of operations. As a matter of personal convenience in the use of defendant's automobile

after the day's work was over, plaintiff and defendant decided to continue to the place of operations in the defendant's personal automobile. There can be no doubt that under well-settled law the injury to plaintiff after he had reported for work and while he was on his way to the place of actual operations was an injury sustained in the course of employment; arose out of the employment; and would be compensable under the provisions of the Workmen's Compensation Law. The right of compensation is " exclusive " when the injury is caused by the negligence or wrong " of another in the same employ ". (Workmen's Compensation Law, § 29, subd. 6.) No action at law exists under the circumstances thus shown, and the Special Term was right in dismissing the complaint. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See *post,* p. 909.]