Boneparth, J.
Trial before the court without a jury. Findings and conclusions were waived.
Plaintiff Vito Miaño was a passenger in the automobile owned and operated by defendant Silvestri. They were riding east on Woodbury Road, Long Island, when Silvestri’s car came into contact with the motor vehicle driven by the defendant Schneider, who was proceeding in the opposite direction, westbound on Woodbury Road.
*1040 The accident occurred on the westbound side of the road, on which Schneider was driving, and the vehicles came to a stop off the road on the north side and to the right of the westerly lane of traffic.
On behalf of defendant Silvestri, it is claimed that Schneider tried to pass a vehicle in front of him, came into Silvestri’s lane of traffic, and that in an effort to avoid contact with Schneider’s vehicle, Silvestri turned his automobile into Schneider’s lane, or to his left, because a line of trees bordered Silvestri’s lane to the right.
Only one disinterested witness testified as to the manner in which the accident happened. This witness testified that Schneider was driving in his lane of traffic and that Silvestri came over into Schneider’s lane, while Silvestri was trying to pass some cars ahead of Silvestri in his own lane. Accordingly, Silvestri was in the wrong lane when the accident occurred.
The witness was at work, a short distance from the locus of the accident, and observed the accident from that point. He then went down to the scene of the accident, and he is pictured in a photograph, taken at the scene, within a short time after the occurrence.
In an effort to destroy the credibility of this disinterested witness, plaintiff undertook to establish that the witness did not arrive at the scene of the accident, after the accident occurred, at the specific time to which he testified. This was attempted by the testimony of a photographer, who arrived at the scene after the accident and took a series of pictures, in one of which this witness is depicted. The photographer was not a witness to the accident and, of course, could only give negative testimony, to the effect that he did not see the other witness there, before taking the picture in which the witness appeared; and the testimony of these two witnesses differs as to the order in which certain things occurred some time after the cars came to rest off the roadway.
Assuming that this disinterested witness is in error or mistaken as to the time at which he arrived on the scene, after the accident, this alleged discrepancy would not require that his testimony as to how the accident happened be rejected. And it would be insufficient to destroy the credibility of the witness as to his testimony concerning the manner in which the accident occurred. These alleged discrepancies refer to matters after the accident. They do not controvert the testimony that the witness saw the accident.
*1041 Here we have a situation where the alleged contradiction is between the testimony of the disinterested witness and the photographer, witness for the plaintiff.
It is to be noted that in cases where a witness is contradicted by his own statements, made out of court, or by his own testimony on a previous trial, or even on the same trial, each of such factors, in and of itself, is insufficient to destroy the credibility of the witness. The trier of the fact has both the duty to determine whether the witness is to be credited, and the power to accept such witness, as a truthful witness (McCoy v. Munro, 76 App. Div. 435; Cannon v. Fargo, 222 N. Y. 321, 325; Williams v. Delaware, Lackawanna & Western R. R. Co., 155 N. Y. 158, 162; Ochs v. Woods, 221 N. Y. 335, 340).
The court, having had the opportunity to hear and see the witnesses, accepts as credible the testimony of the disinterested witness as to the occurrence of the accident (Boyd v. Boyd, 252 N. Y. 422, 429; Ryan v. New York Central R. R. Co., 260 App. Div. 770). That testimony clears the defendant Schneider of any negligence and establishes the negligence of the defendant Silvestri as the proximate cause of the accident.
Accordingly, judgment will be rendered for the defendant Schneider herein.
There is no basis for any finding of contributory negligence on the part of the plaintiff Vito Miaño, and judgment must be rendered in his favor against defendant Silvestri, unless the latter is protected by his separate defense.
Defendant Silvestri has interposed a defense under subdivision 6 of section 29 of the Workmen’s Compensation Law, which reads as follows: “ The right to compensation or benefits under this chapter, shall be the exclusive remedy of an employee * * # when such employee is injured * * * by the negligence or wrong of another in the same employ.”
The accident occurred while defendant Silvestri and plaintiff Miaño were on their way to work in Silvestri’s car. Both Miaño and Silvestri were employed by Karlson and Reed, Inc. Their employer had workmen’s compensation insurance on the date of the accident covering both Miaño and Silvestri, so that Miaño was injured through the negligence of a fellow employee. But to entitle Silvestri to come within the protection of subdivision 6 of section 29 of the Workmen’s Compensation Law, it must appear that the accident happened in the course of their common employment. “ The law [Workmen’s Compensation Law] as a whole covers injuries to employees arising out of and in the course of ‘ employment ’. To make section 29 applicable at all, plaintiff must have sustained an injury in the course of employ- *1042 meat, and to be immune from suit, a coemployee causing the injuries must be ‘ in the same employ ’, namely, in the course of employment by the same employer. ’ ’ (D’Agostino v. Wagenaar, 183 Misc. 184, 186.) (Words in brackets ours.)
Was this injury sustained in the course of their employment!
The employer was engaged in doing work for certain utilities, consisting, in the main, of digging trenches and laying pipes at various locations; and the employer maintained a yard at Hicksville, Long Island.
The accident occurred at about 7:40 a.m. The work day started at 8:00 a.m., so far as the payroll entries were concerned, with the following reservation or exception: The employees were expected to report at the yard in Hicksville before 8:00 a.m. There, some of them loaded the company truck with materials for the day’s job; and if they desired, they could ride to the job location on the truck.
Furthermore, the work of loading the truck with material at the Hicksville yard was, clearly, not required work. For the work before 8:00 a.m., consisting of loading the truck at the Hicksville yard, the employees were each allowed one hour’s additional pay or $2.15 per week. This additional $2.15 per week was paid to every employee, whether he assisted in loading one day a week or every work day and, also, it appears if he did not assist in loading on any day.
On the day of the accident plaintiff Vito Miaño reported at the yard, but did not assist in loading. The job for the day was near Huntington. Silvestri had his car at the yard in Hicksville, and undertook to drive Miaño to the day’s job, as he had done on previous occasions.
There was no requirement that they ride on the truck. They were required to report at the day’s job location at 8:00 a.m., and the means of transportation to the job was in no way directed by the employer, nor was the employer in any way concerned with the means of transportation used in arriving at the location of the job for the day. Silvestri received no allowance in any way for the use of his car in going to the job. There is no proof that there was any differential in pay between those using the employer’s truck or any other means of transportation in going to the job location.
There was no proof of any contract requiring the employer to furnish transportation. The ride on the company truck was a gratuity, and no part of the employment.
There was no pay allowance for the time spent in riding from the yard to the job location for the day. Payroll time started at *1043 8:00 a.m., when the employee reported at the location of the job for digging trenches and laying pipes.
In Green v. Travelers Ins. Co. (286 N. Y. 358) one May, an employee of plaintiff, Green, was injured while being transported in his employer’s truck, for the purpose of working on the employer’s farm. The question presented for the court’s determination was whether May was injured while engaged in the business of the employer. The court held he was not, and said at pages 361 and 362, the following: 1 ‘ The defendant relies on an exclusion clause which removes from the coverage of the policy liability for injuries occurring to ‘ any employee of the insured while engaged in the business of the insured * * *. ’ * * * The defendant has failed to sustain this burden of proof. The stipulated facts fail to show that May was in the employ of the plaintiff at the time of the accident. As the trial justice well stated in his opinion, there is nothing in the stipulated facts ‘ to the effect that the transportation of May to and from Green’s farm was a part of the contract of hiring either by express agreement or by implication, nor do the facts stated in the stipulation give rise to any inference that such was the case.’ * * What the stipulated facts do say is more consistent with an arrangement whereby plaintiff was to give May a free ride to and from his farm. In such case the transportation was a gratuity and not a part of May’s employment. Indeed, any possible inference that the transportation of May to and from the farm was other than a gratuity is negatived by the language of the stipulation of facts that ‘ after the day’s work ’ it was plaintiff’s custom to transport the pickers back to Dunkirk. This is an express statement that the day’s work ended at the farm and that thereafter plaintiff gave the pickers a free ride back to Dunkirk as a matter of accommodation. Where the employer gives the employee a ride merely as a matter of accommodation, the ride is a gratuity and not a part of the employment. (Matter of Glaser v. Ideal Guarantee Roofing Co., 221 App. Div. 434; Matter of Kowalek v. N. Y. Consolidated R. R. Co., 229 N. Y. 489.) Furthermore in support of the plaintiff’s contention that the transportation was not a part of May’s employment, the stipulated facts point out that May received no compensation for the time spent while riding to and from the farm and that he was paid the same wages as other pickers who provided their own transportation.”
In Matter of Kowalek v. New York Cons. R. R. Co. (229 N. Y. 489) a claim for compensation under the Workmen’s Compensation Law was dismissed. The court there said (pp. 491, 492, *1044 493): “It was the practice of the company to permit employees to ride to and from their work upon the cars or trains of the company without charge. About ten minutes after he went from the dispatcher’s office upon the passenger platform his dead body was found, about one hundred feet from the platform’s end, between the third rail and the running rail of the railroad. * * * We are thus brought to the question whether or not, under the facts as found, the injury arose out of and in the course of the employment. * * * The company permitted him to ride to and from his work upon the cars or trains without charge. The contract of employment did not obligate the company to transport him. In enjoying or exercising the permission he adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day’s work began. It did not contract that he should ride to and from work or pay him for the time through which he was riding. The transportation was not an incident of the employment. The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate the employee when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee.”
And in Tallon v. Interborough R. T. Co. (232 N. Y. 410) plaintiff’s administratrix sued the employer for negligence, as a result of death of the deceased sustained while riding in his employer’s train to work. A defense under section 11 of the Workmen’s Compensation Law (which is the counterpart of subdivision 6 of section 29 and refers to employer’s exemption from liability) was held to be insufficient. (See, also, Matter of Johnson v. Faribault Bldg. Corp., 229 N. Y. 626, and Matter of Shultz v. Champion Welding & Mfg. Co., 230 N. Y. 309, 311.)
Kincer v. Kincer (280 App. Div. 850) relied on by the defendant, does not vary the rule expressed in the foregoing cases, nor is it applicable to the instant case. In Kincer v. Kincer (supra, p. 850) the opinion states that “ [t]heir employment required that they report at the employer’s garage at 8:00 a.m. It was the custom then to travel on a company truck to the place of actual operations. The work and the payment of wages began when the employees reported for work at the garage and continued during the trip to the actual place of operations.” (Italics ours.)
In the instant case, no wages were paid for any time consumed in the trip to the day’s operations.
*1045 Furthermore, a ‘ ‘ custom ’ ’ to travel on a company truck does not make the trip a part of the employment. In Green v. Travelers Ins. Co. (286 N. Y. 358, supra) it is to be noted that the dissenting opinion, at page 364, argued that “ ‘ custom and understanding ’ ” to transport is sufficient to found a conclusion that an agreement to transport was part of the employment. The majority, obviously, did not agree with this conclusion, but held that there must be proof that the transportation was ‘“a part of the contract of hiring either by express agreement or by implication ’ ” (Green v. Travelers Ins. Co., supra, p. 362).
Accordingly, it must be held that the evidence proves that the ride from the employer’s yard in Hicksville toward the job for the day in the vicinity of Huntington was no part of their employment, and that they were not at the time of the accident engaged in their employment.
Judgment is accordingly awarded in favor of plaintiff Vito Miaño for the sum of $25,000, and in favor of Thomas Miaño for the sum of $5,000, against the defendant Silvestri; and judgment is awarded for defendant Gustav A. Schneider and against the plaintiffs. The clerk may enter judgment accordingly. Exceptions to defendant Silvestri and to the plaintiffs.