(May 21, 1957)

VITO MIANO et al., Respondents-Appellants, v. GUSTAV A. SCHNEIDER, Respondent, and JOSEPH P. SILVESTRI, Appellant. GUSTAV A. SCHNEIDER, Plaintiff, v. CARLSON & REED, INC., et al., Defendants.

PECK, P. J. (dissenting). I am persuaded, despite sympathy for the plaintiff, that the decision reached by the majority of the court is not in accordance with applicable law and will serve as an unfortunate precedent.

Although the employees may not have been required to report at the yard of the employer before going to their daily jobs, such reporting was the usual course of conduct and the employees were paid regularly for their appearance and work in the yard, albeit the compensation was not proportionate to the time so spent. As the trial court found, " The employees were expected to report at the yard in Hicksville before 8:00 A.M." This was the consistent practice of the plaintiff.

I would unhesitatingly say that an injured party in the posture of this plaintiff was entitled to claim compensation. If he was so entitled, he may not recover against the defendant-appellant, his coemployee, in this case. It is unfortunate, if I am correct, that plaintiff did not seek compensation and that he would therefore be remediless. But I am unwilling to embrace a holding which might have the more far-reaching and more unfortunate consequence of preventing injured parties similarly situated from obtaining compensation, and perhaps thereby denying them any remedy.

I therefore dissent and vote to reverse the judgment and dismiss the complaint against the defendant-appellant.

Breitel, Botein, Rabin and Bergan, JJ., concur in decision; Peck, P. J., dissents and votes to reverse the judgment and dismiss the complaint against the defendant-appellant, in opinion.

Judgment affirmed, with costs of this appeal to plaintiffs-respondents-appellants against the defendant-appellant, and to the defendant-respondent against plaintiffs-respondents-appellants. [1 Misc 2d 1039.]