■ WILLIAM F. KUNZE, Respondent, v. JOSHUA W. JONES, Appellant.— In an action to recover damages for personal injuries, the appeal is from a

judgment entered on a directed verdict for $8,500 in favor of respondent. Judgment reversed, with costs, and complaint dismissed. Appellant and respondent are coemployees of a hospital. During the course of their lunch period each drove his own automobile from a separate building to a parking lot adjacent to a commissary. Both lot and commissary were maintained by the hospital on its property. The commissary was available to employees, but they were not required to eat there. The lot also was available to employees. Respondent parked his car in the lot. While walking toward the commissary, he was struck by appellant's vehicle as appellant drove into the lot. As it is conceded that respondent was engaged in the course of his employment as of the time of the happening of the accident, the exclusive remedy afforded him is that in accordance with the Workmen's Compensation Law if appellant was also so engaged (Workmen's Compensation Law, § 29, subd. 6). Generally, an employee *on* the premises of his employer is so engaged during working hours (cf. *D'Agostino* v. *Wagenaar*, 183 Misc. 184, affd. 268 App. Div. 912; motion for leave to appeal denied 294 N. Y. 640), while using a facility provided by his employer even though temporarily he is not actually at work (*Matter of Kowalek* v. *New York Cons. R. R. Co.*, 229 N. Y. 489, 492); whereas he is not so engaged if he is *off* the premises (*Matter of Jamison* v. *New York Temporary State Comm. on Agric.*, 308 N. Y. 683, 684; *Matter of Weir* v. *Board of Educ.*, 282 N. Y. 709; *Miano* v. *Schneider*, 1 Misc 2d 1039, affd. 3 A D 2d 900, affd. 4 N Y 2d 732). It has been held that an employee is so engaged while leaving the premises as a passenger in the automobile of a fellow employee (*Ritornato* v. *Schuth*, 278 App. Div. 996), while in a parking lot of the employer even though a public sidewalk intervenes between plant and lot (*Matter of Kwapich* v. *Aluminum Co. of America*, 282 App. Div. 972), and while eating in a doorway of the employer's plant during lunch hour (*Matter of Domres* v. *Syracuse Safe Co.*, 240 N. Y. 611, 612). On cited authority, it is stated in *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.* (225 N. Y. 130, 133): "It is true that it has been held many times that where an employer requests or customarily permits his employees to eat their meals upon his premises or in some place provided for them, the temporary interruption to their work thus caused will not be regarded as terminating their character as employees or as excluding them from the protection of such a law as our Compensation Act." Lunch is a routine part of the workday (*Matter of Bollard* v. *Engel*, 254 App. Div. 162, 164–165, affd. 278 N. Y. 463). The reasonable use by the parties of the parking lot with prospective use of the commissary provided by the employer was in the course of the employment despite the temporary cessation of actual work. (*Pantolo* v. *Lane*, 185 Misc. 221). Nolan, P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Hallinan, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the proof established that appellant, employed as a hospital attendant, was not obliged to perform any services during his lunch period in furtherance of his employment, and was not considered by his superiors to be on duty. Appellant's use of his car to reach the commissary was not an act, authorized by the employer as necessary for the performance of appellant's duties, even if it was a convenience and a personal privilege extended to him. Under the circumstances, the respondent's injuries were not incurred " in the course of their common employment" (*Miano* v. *Schneider*, 1 Misc 2d 1039, 1041, affd. 3 A D 2d 900, affd. 4 N Y 2d 732; *D'Agostino* v. *Wagenaar*, 183 Misc. 184, affd. 268 App. Div. 912, motion for leave to appeal denied 294 N. Y. 640).