David K. Glickman, J.
In this action to recover for personal injuries sustained through the alleged negligence of the defendants, a defense has been interposed asserting that the injury was sustained while plaintiff was engaged in his employment with the defendant, Salzman, thus barring him from seeking recovery by way of this plenary suit. The issue raised by such defense has been tried separately before the court without a jury, pursuant to order dated April 10, 1963. Upon all the proof presented, the court finds and decides as follows:
Defendant, Salzman, who was engaged in the floor waxing business, hired plaintiff to work as one of his floor waxers. The contract of hiring, which was oral, provided that the work day was to commence about 6 o’clock in the morning and was to continue until the day’s work was completed. Employees, of whom there were several, were free to have coffee or breakfast either before or after commencing their work in the morning. Plaintiff’s weekly salary at the time of hiring was fixed at $45; later it was increased to $50. At said time of hiring and after the weekly wage had been agreed upon, inquiry was made of the plaintiff as to whether or not he had a means of transportation to the job, and plaintiff answered in the negative. The employer, Salzman, then informed the plaintiff that he would be picked up by another employee with one of the employer’s motor vehicles, a station wagon. The fact is that for some time prior to the occurrence of the accident which resulted in plaintiff’s injuries, said station wagon, owned by the defendant, Salzman, and carrying equipment and supplies used in the latter’s business, did regularly transport plaintiff from his home to the job where the day’s work was to be performed, and returned him to his home at the conclusion of the day’s work. This station wagon was operated by *664 another employee, the defendant, Humphrey, who regularly kept the vehicle at’ his home overnight. The evidence indicates that the routine procedure followed from day to day consisted of the following: Defendant, Humphrey, drove the station wagon from his home to the residence of the plaintiff and then both said employees proceeded to a diner where they had coffee before continuing on to the particular job or jobs scheduled for that day. Frequently the employer, Salzman, was also at the diner and met the employees when they arrived there.
On the day of the accident, which was a Saturday, the defendant, Humphrey, picked up the plaintiff in the usual manner and then, by prior arrangement, undertook to pick up a third employee. It was on the way to the residence of the third employee that the accident occurred. The issue to be determined under the defense aforesaid is whether or not the plaintiff was engaged in his employment at the time of the accident, within the purview of the applicable provisions of the Workmen’s Compensation Law.
In considering this issue, certain other facts disclosed by the evidence are pertinent. (1) It appears that the employees were not held to a strict adherence to the starting hour for commencing work. Within reason, they were permitted to commence before 6 o’clock in the morning or after 6, and were permitted to have coffee breaks or meals at times of their own choosing, all so long as the day’s work was completed. (2) The station wagon used to transport the plaintiff contained machines, waxes, steel wool and other supplies needed for the day’s work. (3) On Saturadys, the initial floor waxing job was scheduled to take place at the Bank of Babylon, Babylon, New York, and this was the eventual goal of the station wagon when it started rolling that morning. (4) Although the amount of plaintiff’s salary remained the same, whether or not he was supplied with transportation, the fact was that he could not get to the job unless he was transported through means furnished by the employer, as he and Salzman both knew. On several occasions, when the vehicle operated by the defendant, Humphrey, did not call for the plaintiff, he was transported by the defendant, Salzman, or Salzman’s son, in Salzman’s automobile. Early in his employment, plaintiff states that he was driven by a former employee in that employee’s automobile, but this ceased shortly after plaintiff’s employment commenced and for some time before the accident plaintiff usually travelled in the station wagon operated by the defendant, Humphrey, and owned by the defendant, Salzman. (5) The station wagon was used solely to go to the various floor waxing jobs and to transport employees *665 and equipment and supplies to such jobs. (6) Although plaintiff testified that the arrangement for his transportation was in the nature of a favor which he received from the employer, Salzman, it seems clear that the employer found it expedient as well as beneficial to his business to enter into such arrangement since the evidence shows that plaintiff was unable to report for work unless the employer arranged to have him picked up.
It is the plaintiff’s contention that this arrangement for the transportation of the plaintiff was merely an accommodation offered by the defendant, Salzman, or, as the plaintiff stated, a ‘ ‘ favor ’ ’, and that it was not a part of the hiring agreement. This contention is hardly tenable in light of the facts. The conversation concerning the manner of plaintiff’s transportation to the job was part and parcel of the entire agreement of hiring, all entered into at the same time and in the one negotiation. The plaintiff was informed of the kind of work that he was to do, the weekly salary was agreed upon and the arrangement made for the employer to provide the plaintiff with means to arrive at the job after plaintiff had indicated his inability otherwise to get to work. To grant a favor is to benefit the recipient, in this case allegedly the plaintiff. Obviously there was no reason for the defendant, Salzman, to favor the plaintiff who at the time was a stranger to him; on the contrary, Salzman was the beneficiary of the arrangement since he was thus assured that the employee would arrive at the job where he was needed by the employer. Certainly, Salzman would have no use for the services of the plaintiff if he could not report for work and so, unless Salzman arranged the transportation, there would be no hiring and there would be no job for the plaintiff. It follows, therefore, that the arrangement for the transportation of the plaintiff was an essential part of the contract of hiring.
Aside from the foregoing, the routine of plaintiff’s employment over a period of time convincingly establishes the fact that plaintiff’s employment commenced from the moment he stepped into his employer’s motor vehicle to be transported to the job. That it was customary for the employees to stop off at a diner for a cup of coffee before engaging in the day’s labor does not alter this conclusion. The employer’s station wagon was a private vehicle and the conveyance of the plaintiff thereby was manifestly in the business of the employer. In addition to the employees, it contained all the equipment and supplies necessary to further the employer’s business. It was prepared to proceed to the job from the moment the employees entered the vehicle. *666 Stopping’ for a cúp of coffee was but an incident performed with the permission of the employer. It was the employer’s vehicle that was used to reach the diner. Because of the employer’s type of business, requiring the performance of labor at different locations throughout the day, there was no fixed plant other than the vehicle which carried the equipment and supplies. The procedure followed here was not a rare occurrence, but was regular and constant day after day and had become an established course of conduct followed consistently during the period of employment.
A situation dealing with private transportation provided by the employer was the subject of an opinion rendered by the Court of Appeals in Matter of Littler v. Fuller Co. (223 N. Y. 369, 371). There the court said: 11 The industrial commission properly held that the injuries arose out of and in the course of Littler’s employment. The vehicle was provided by the employer for the 'specific purpose of carrying the workmen to and from the place of employment and in order to secure their services. * * * The day’s work began when he entered the automobile truck in the morning and ended when he left it in the evening. * * * The case would be different if at the time of the accident claimant had been on the railroad train ”. Again, in Van Gee v. Korts (252 N. Y. 241, 245) the Court of Appeals said: 11 The work commences when the employee enters the conveyance, and the journey is an incident to the employment.” This case also held that (pp. 244-245) “ a servant is not entitled to compensation under the Workmen’s Compensation Act if injured in a conveyance while on his way to work, unless the contract of hiring expressly or impliedly provides for transportation.’’’ (Emphasis supplied.) Similarly the high court declared in Matter of Kowalek v. New York Consolidated R. R. Co. (229 N. Y. 489, 493): “ The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate.”
The cases cited by plaintiff in his main and reply memoranda are not controlling. For the most part, these cases deal with incidents of rare or occasional transportation, or situations where no agreement for transportation existed, even inferentially. Plaintiff stresses the cases of Matter of Kowalek v. New York Consolidated R. R. Co., above mentioned; Green v. Travelers Ins. Co. (286 N. Y. 358) and Miano v. Schneider (1 Misc 2d 1039). The Kowalek case is distinguishable because there the accident happened on a railroad station open to general public. As the court said (p. 493): “It was as public as the street which led to it.” In the instant case, plaintiff was *667 in defendant’s private vehicle. Moreover, there was no contract to supply transportation. In the Green case, the injured person was employed on a piece-work basis, being paid by the quart for picking berries. This clearly differs from the facts in the Van Gee v. Korts case (supra) where the court pointed out that plaintiff ‘ ‘ worked by the week ” as is true of the plaintiff in the case at bar. In addition, the court in the Green case found nothing to establish that transportation was a part of the contract of hiring. As to the Miano case, it appears, firstly, that plaintiff was traveling in an automobile owned and operated by a fellow employee under no direction from the employer who was in no way concerned with the manner in which plaintiff arrived at the job, and, secondly, again there was no proof of an agreement to furnish transportation.
Accordingly, the court holds that at the time the plaintiff herein suffered the injuries for which he is seeking to recover in this action, he was engaged in his employment with the defendant, Salzman, and hence the defense contained in the answers of the defendants is sustained. It follows that the complaint should be and is dismissed.