## Dix v. Gross.

(Decided Dec. 17, 1937.)

232

W. E. FAULKNER and FAULKNER & FAULKNER for appellant.

F. J. EVERSOLE and C. A. NOBLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The appeal is from a $2,000 judgment for personal injuries.

The facts may be summarized as follows: There

is a road leading from Hazard to the village of Lothair, in Perry county. Going toward Lothair the river is on the right below the road, and on the left is a cliff of stone. At the time of the accident, which occurred about 1:30 in the morning, Coburn Gross, S. P. Carmack, and Daisy Catron were passengers in a taxicab owned by appellant, C. C. Dix, and driven by Jesse Davis. The taxicab left the highway, fell over a steep rocky bank, and landed near the edge of the river. All the passengers and the driver were thrown out of the car and more or less injured. Gross says that after they had gotten a short distance from Hazard the taxi passed a coupe. Later on the coupe started to pass and struck the rear bumper, and Jesse Davis got off the concrete. He and the other passengers told Davis to stop. He had about 200 feet in which to stop after they "hollered" at him. According to Jesse Davis, "This other car hooked into my left fender; I was giving him all the road and did all I could to get back into the road." The other car was not more than 10 or 15 feet away when the taxi went over. The taxi did not run on as much as 200 feet before it stopped. Coburn Gross did not tell him to stop. The car also struck his left front fender. His right wheels were clear off the road. The other car was along side of him and he could not get back into the road. Where he went over you could not drive the car clear off the concrete for any distance. He just tried all the time to get back into the road, and did not think about his brakes. He did not think it would have done any good if he had applied his brakes. According to Rader Hammonds, Arnold Elkins, and two young women who were with them in a car parked on the roadside, the coupe hit the taxi and the taxi went over the hill.

It is at once apparent that there is no basis for the contention that the case should not have gone to the jury, or that the verdict is flagrantly against the evidence. Gross was entitled to recover if the accident was due to the concurrent negligence of Davis and the driver of the coupe. Only in the event that the negligence of the driver of the coupe was the sole cause of the accident was appellant not liable. McGraw v. Ayers, 248 Ky. 166, 58 S. W. (2d) 378.

Being engaged in the business of transporting passengers for hire, appellant was a common carrier, and therefore under the duty of exercising the highest de-

gree of care to transport Gross in safety. Shelton Taxi Company v. Bowling, 244 Ky. 817, 51 S. W. (2d) 468. According to Gross, the coupe had passed on, and Davis had plenty of time in which to get back on the road and avoid the accident. Aside from this it may be doubted if Davis, according to his own evidence, exercised the highest degree of care to avoid the accident. One might conclude that he was negligent in not stopping, or applying his brakes.

While Gross was on the stand he was confronted by a long statement which was taken down by a stenographer shortly after the accident, but not signed by him. He admitted making certain portions of the statement, and it was proved by the stenographer and others present that he made the entire statement. The court admitted the statement, but told the jury that it was not to be taken as tending to show how the wreck occurred, but was admissible solely for the purpose of affecting the credibility of Coburn Gross. According to the statement it seemed to him the driver of the taxi "was using all precaution to drive safely, and the car in the rear deliberately cut into us on the front, causing us to overturn over this bank." If Gross had been only a witness and not a party the admonition would have been proper; but Gross was the plaintiff in the action, and what he said was admissible as substantive evidence and not merely for the purpose of impeachment. Lesser v. Jefferson Fire Insurance Company, 141 Ky. 667, 133 S. W. 551; Forestal v. National Surety Company, 168 Ky. 552, 182 S. W. 614; Sutton v. Russell's Ex'r, 236 Ky. 535, 33 S. W. (2d) 629. Here the statement tended to confirm Davis as to how the accident occurred, and telling the jury that it was not admissible for that purpose was prejudicial error.

In his closing argument to the jury counsel for appellee, in referring to the evidence of the two women who were in the car parked on the roadside at the time of the accident, used the following language:

"Ernest Faulkner has not been around the police court on Monday morning to see his witnesses registered in that court."

Counsel for appellee insists that girls of good reputation do not park on roadsides with their male companions during all hours of the night, and that the argument was fairly deducible from the evidence and

not outside the record. There is a wide difference between deductions from proven facts and deductions from facts which were not proven and could not have been proven. Even if it had been true that the girls had been registered in the police court, they could not have been impeached by evidence of the particular wrongful acts for which they were arrested, and certainly not by the fact that they had been brought before the court. Section 597, Civil Code of Practice; Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735, 63 S. W. 976, 23 Ky. Law Rep. 146, 53 L. R. A. 245. Therefore, the case is one where counsel went outside the record and brought in a fact which could not have been introduced in evidence. In the circumstances, the argument can not be overlooked as immaterial. It hardly can be said in this day that the fact that two girls are with two men in a parked automobile at night is such conduct as to make them unworthy of belief. As their evidence tended to corroborate the driver of the taxi, it is at once apparent that the statement made by counsel was calculated to discredit the witnesses in the minds of the jurors. It is true that the court told the jury not to consider the statement, but it may be doubted if the admonition was sufficient to remove the impression already created in the minds of the jury. Whether, in view of the admonition, we would reverse for the argument alone, we need not determine. It is sufficient to say that the improper argument, coupled with the court's direction that the admissions of Gross were not admissible for the purpose of showing how the wreck occurred, but were admissible solely for the purpose of contradiction, requires that a new trial be granted.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.