## Dix v. Gross.

May 12, 1939.

FAULKNER & FAULKNER for appellant.

C. A. NOBLE and F. J. EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment for $1,000 for personal injuries and is the second appeal of the case, the opinion of the court on the former appeal being found in 271 Ky. 231, 111 S. W. (2d) 673.

At the time of the accident in which plaintiff received his injuries, about 1:30 in the morning, Coburn Gross, S. P. Carmack and Daisy Catron (now Sury)

were passengers in a taxicab owned by appellant, C. C. Dix, and driven by Jesse Davis, and were on the road from Hazard to Lothair in Perry County going toward Lothair. The river is on the right below the road, which is for some distance built on the edge of a bluff over which the taxicab was precipitated. Shortly before the accident, the taxicab passed a coupe on this road. Shortly after the taxi passed the coupe, the coupe came down the road with the horn blowing loudly and continuously, whereupon Jesse Davis, driver of the taxi, pulled over to the right to let it pass, getting both wheels of the taxi entirely off the road. The coupe struck the taxi, and according to Davis, hooked into his left front fender, pulling him down the road for some 25 or 30 feet until his taxi was precipitated over the bluff. According to Gross, the coupe struck the taxi and after that Davis ran off the road for about 300 feet, although he (Gross) was telling him to stop; that he never put his brakes on and continued for 300 feet until he ran over the bluff. According to Rader Hammonds and Ollie Miller, witnesses who were present on the road at the time of the accident, the coupe hit the taxi with a crash and the taxi went over the hill and the coupe then cut from the right-hand side of the road, where it struck the taxi, toward the rock cliff on the left side of the road. According to Hammonds, the taxi ran just a few feet after the crash before it went over the hill.

The opinion on the first appeal of the case held that the verdict was not flagrantly against the evidence, and if the evidence in this case is substantially the same as on the former trial, we are bound by that opinion as being the law of the case whether we regard that opinion as correct or not. It remains, therefore, to determine whether the evidence on this trial is substantially the same as on the former trial. If it was not substantially the same, we are not bound by the law of the case rule and are at liberty to determine whether or not the verdict was flagrantly against the evidence. It was indicated in the former opinion that the only evidence of negligence on the part of the taxi driver was the evidence that he drove the taxi for a long distance off the road after it was struck by the coupe and before it went over the bank.

After the opinion was rendered on the first appeal of this case, the case of Dix v. Carmack was decided in this court, the opinion in that case being found in 273

Ky. 844, 117 S. W. (2d) 1036. Carmack, another passenger in the taxi, had secured a judgment for injuries sustained by him in the accident, and Dix was appealing from that judgment. The court held that the verdict in the Carmack case was flagrantly against the evidence and pointed out that in the trial of the Gross case, Arnold Elkins and Joe Begley testified for plaintiff and that their testimony sustained that given by Gross on the trial of his case relating to the distance that the taxicab ran from the point where the passing coupe struck it and where it went over the bluff, thus substantiating his testimony given in that case upon the only fact in the case upon which negligence on the part of the driver could be based. The opinion in the Carmack case pointed out that the only possible evidence indicating negligence on the part of the taxicab driver was evidence that the taxi ran a distance of 250 to 300 feet after being struck by the coupe before going over the bluff. That opinion also pointed out that Elkins and Begley did not appear as witnesses substantiating the testimony of Gross on this point as they did on the first trial of the Gross case.

We have about the same situation now with reference to the second trial on this case. Elkins and Begley do not appear as witnesses for Gross corroborating his testimony. Only Gross and Daisy Catron (Sury) testify for plaintiff as to the manner in which the accident occurred. Gross still testifies that the taxi ran something like 300 feet after it was struck by the coupe and that the driver made no effort to put on the brakes, although he hollered to him several times to do so. However, the effect of his testimony is almost completely destroyed by the statement made by him in the office of his uncle, Jesse Morgan, an attorney, which statement is referred to in the Carmack case and in the opinion on the former appeal in this case. In that statement Gross said:

"* * * We were traveling about 20 or 25 miles per hour. * * * It seemed to me that the driver of the taxi I was in was using all precaution to drive safely. There * * * was a car going in the same direction we were, overtook this car and blowed for the road and this taxi got over far as he could on the right side of the road, and this car in passing us sideswiped us, deliberately cut into us and sideswiped us causing us to go over to the side of the road on the bank and he stayed on the

edge of this road about twenty or twenty-five feet, and hooked us on the front and had hit both fenders and deliberately cut into us on the front causing us to overturn over this bank. I was looking straight at him, and know what he was doing, he just zigzagged from one side of the road to another before he cut into us the second time, overturning us.''

This statement made by Gross is in complete contradiction of his testimony given on each of the trials. It is true he denies making portions of the statement that are detrimental to him, but we think the evidence shows there is little doubt that the complete statement was made. Other witnesses testify that shortly after the accident he gave a version of the accident substantially the same as that incorporated in the written statement.

While Elkins and Begley, who corroborated his testimony to some extent on the former trial, did not testify, he had as a witness for him on this trial Daisy Catron (Sury), who was not a witness on the former trial. However, an examination of her testimony reveals that she does not strengthen his case. On the contrary, her testimony with reference to the one point on which it was possible to predicate any negligence on the part of the taxi driver, namely, his driving for a long distance after being struck by the coupe before he went over the bluff, corroborates Davis, the driver of the taxi, and other witnesses for the defendant on this point, for she states at several places in her testimony that the taxi only ran about the distance of the courtroom after being struck before it went over the bank.

It will be thus seen that the evidence on this trial is not even substantially the same as on the former trial of the case. There is no substantial evidence corroborating Gross' version of the accident or indicating any negligence on the part of the taxi driver. The effect of his own testimony is greatly weakened by his statements, both written and verbal. We are therefore not bound by the opinion on the former appeal as being the law of the case. We reach the same conclusion as was reached in the Carmack case, that the verdict is flagrantly against the evidence.

While Davis, the taxi driver, was testifying, the trial court refused to permit him to testify that Gross, shortly before the first trial of the case, told him he

would give him $50 and see that Carmack paid him too if he would help him in the case. This was manifestly a prejudicial error. Any statement made by a party, if relevant and material to the controversy is competent, substantive evidence, as pointed out in the opinion on the former appeal. No testimony could be more material and relevant than testimony offered to show that the plaintiff in a law suit made an offer of money to a witness for help on the trial of the case. Especially is that true here where, from the testimony offered, it appears that the plaintiff was offering the defendant's taxicab driver, who would naturally be presumed to be a witness for defendant, a substantial sum of money to secure the help of this witness on the trial of the case. This was competent evidence and, if admitted by the court and believed by the jury, might well have shaken the faith of the jury in the plaintiff's entire case. It was therefore plainly prejudicial to the defendant's substantial rights to exclude this offered testimony.

For the reasons given, the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.