UNITED FIRE & CASUALTY COMPANY, a corporation, appellee, v. GEORGE MRAS et al., appellants; PEARL McMURRY, Commissioner of Public Safety, intervenor-appellee.

No. 48126.

(Reported in 55 N.W.2d 180)

OCTOBER 14, 1952.

Stanley L. Moody, of Charles City, for appellant George Mras.

John R. Cronin, of Nashua, for appellant Vern Remy.

Barnes, Wadsworth, Elderkin & Locher, of Cedar Rapids, for appellee United Fire & Casualty Company.

Robert L. Larson, Attorney General, and Kent Emery, Assistant Attorney General, for intervenor-appellee.

OLIVER, J.—Plaintiff-United Fire & Casualty Company issued to defendant Vern Remy a farm liability policy of insurance, in which it agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law * * * for damages * * * sustained by any person * * * injury to * * * property

\* \* \* arising out of the \* \* \* use of the premises \* \* \* for the purpose of farming, and all operations either on the premises or elsewhere which are necessary and incidental thereto \* \* \*; and including the ownership, maintenance or use of any farm tractors or any livestock for any purpose in connection with the above defined operations; \* \* \* including all personal acts of the insured on or off the premises."

Remy operated a one hundred and forty-acre farm. In addition he did what is described as custom farming, which, in his case, consisted of baling hay for others upon various other farms in that neighborhood. For this work he owned and used a hay baler, wagon and tractor, which he usually kept on his farm. The tractor served also to pull the baler and wagon to and from other farms where hay was baled. His charge for baling was upon a per bale basis.

During the forenoon of August 17, 1950, Remy baled hay for Russell Hawkins on the latter's farm a few miles distant from Remy's farm. He completed that work and ate his noon meal there. Shortly after noon he started to move his equipment to the Tom Smith farm where he had an order for custom hay baling. He was driving the tractor which was towing his hay baler. Behind this was his farm wagon hayrack. When he had thus proceeded about two miles his equipment, traveling on the highway, came into collision with the automobile of defendant George Mras. The latter suffered personal injuries and sustained other damages and thereafter instituted a damage suit against Remy which is now pending.

Later the insurance company denied liability under the policy, and a controversy involving its liability and the proper construction of the policy of insurance arose between the company and Remy, and still exists. The controversy involves largely the construction and effect of a rider attached to the policy, as follows:

"ENDORSEMENT

Assured VERN REMY      o     Policy No. FL-T3193

Agent J. B. Watson

CUSTOM FARMING

"Such liability and medical payments insurance as is afforded

by this policy shall not apply when the death, injury or destruction of property occurs while the assured, personally or through his employees or representatives, is engaged in custom farming.

"This endorsement shall be null and void if the assured's total income from custom farming operations has not exceeded $1000 during the 12-month period immediately preceding the date of the occurrence as a result of which damages or medical payments are claimed and provided such occurrence takes place as a result of custom farming operations conducted within a radius of 50 miles from the residence described in the declarations of this policy.

"All other terms, conditions, limitations and agreements of the policy remain unchanged.

UNITED CASUALTY COMPANY

"Countersigned at Cedar Rapids,      Fred M. Hagen
Iowa this 14th day of
October, 1949
      "M. B. Stimson
      Authorized Representative."

The first paragraph or sentence of the endorsement excepts or excludes coverage for accidents which occur while the assured is engaged in custom farming. However, compliance with the provisions of the second paragraph or sentence would make the first "null and void." Otherwise stated, such compliance would create an exception to the exception.

The record shows Remy's total income from custom farming (baling) operations during the twelve-month period preceding August 17, 1950, exceeded $1000. Hence, there was no such compliance with the second paragraph or sentence of the exclusion provision as would render the endorsement "null and void."

At this point the question is whether Remy was engaged in custom farming (hay baling) within the terms of the endorsement at the time of the accident, which occurred while he was transporting his baling equipment en route from the Hawkins farm, where he had completed a hay baling contract, to the Smith farm, with the intention of doing custom hay baling upon his arrival.

A like question was determined recently in Nichols v. Hawk-

eye Casualty Co., 233 Iowa 838, 841, 842, 10 N.W.2d 533, 535. In that case the insurer had denied liability on the ground the insured, at the time of the accident, was using his automobile for commercial purposes, which was not covered by the policy. The insured had been using the automobile to scrape gravel from freight cars with a slip attached to the automobile by a cable. This work had been interrupted and the automobile driven away. Later in the day the insured prepared to continue the work. As he was backing the car "to get into a position to hitch up the cable again" it ran over the foot of one Dinges who thereafter secured judgment against the insured for his injury. The insured then brought the action against the insurer to recover the amount of the judgment. The decision states:

"* * * we could not, under this record, hold that at the time plaintiff backed over Dinges' foot he was engaged in such [commercial] use of his car. He was not pulling the slip at the time of the accident. * * *.

"We cannot read into the policy a prohibition against the movement of the car for an intended unauthorized use, nor can we attach to Clause V the import of annulling the protective features of the insurance when the prohibited use is not actually occurring at the time of the accident. The liability under the policy is determined by use, not intention to use."

Consequently, recovery was allowed against the insurance company.

In the case at bar the exclusion clause states the provisions of the policy shall not apply when the accident occurs "while the assured * * * is engaged in custom farming."

As in the Nichols case the language in question refers to the activity at the very time of the accident. Such a provision has been called an activity clause. Provisions in similar language with reference to military or naval service in time of war are often called "status clauses", because there the primary question is generally the status of the insured. Boatwright v. American Life Ins. Co., 191 Iowa 253, 180 N.W. 321, 11 A. L. R. 1085, involved such a provision. Similar provisions based upon causation are referred to as "result clauses." Eggena v. New York

Life Ins. Co., 236 Iowa 262, 270, 18 N.W.2d 530. The provisions may be a combination of "status" and "result." See Swanson v. Provident Insurance Co., 194 Iowa 7, 188 N.W. 677; annotation 168 A. L. R. 689, 690. In the case at bar the exclusion provision is neither a status clause nor a result clause. It is clear the language "while engaged in custom farming" does not refer to the insured's general status as a custom farmer. Nor does the exclusion clause contain language involving causation or result. It is clearly an activity clause.

B. & H. Passmore Metal & Roofing Co. v. New Amsterdam Cas. Co., 10 Cir., Okla., 147 F.2d 536, 538, was an action to determine the rights of the parties under an exclusion clause which provided the policy did not apply to injury to or death of any employee while engaged in the business of the insured. It was there held an employee who was killed while returning to the shop, in the company's truck, was not engaged in the business of the assured, within the meaning of the exclusion clause. Pointing out that the exclusion clause differs materially from the clause in the Workmen's Compensation law, " 'arising out of and in the course of his employment' ", the decision states: "The word 'engaged' connotes action."

In Francis v. Scheper, 326 Mich. 441, 447, 40 N.W.2d 214, 217, the exclusion clause in the policy excepted those "engaged in the employment" of insured. An employee at a fixed wage per hour, plus transportation, was injured while being so transported after working hours. The decision states:

"The phrase, 'engaged in the employment', can fairly be construed as meaning, active in the work plaintiff was employed and paid to do. It was incumbent on defendant casualty company, who drafted the policy, in order to escape liability under the circumstances of this case, so to draft the policy as to make clear the extent of nonliability under the exclusion clause."

Some other like decisions involving such clauses are: Hardware Mutual Cas. Co. v. Ozmun, 217 Minn. 280, 14 N.W.2d. 351; Preferred Acc. Ins. Co. of New York v. Noe, 314 Ky. 245, 234 S.W.2d 748; Green v. Travelers Ins. Co., 286 N. Y. 358, 36 N.E.2d 620; Elliott v. Behner, 150 Kan. 876, 96 P.2d 852, 855, 856.

Some cases, which give more consideration to the "status" of the employee, hold that where the transportation is furnished as an incident to the employment, the employee, while riding, is in the course of his employment and hence is engaged in the business of insured. Lumber Mutual Cas. Ins. Co. of New York v. Stukes, 4 Cir., S. C., 164 F.2d 571; State Farm Mut. Auto. Ins. Co. v. Brooks, 8 Cir., Mo., 136 F.2d 807; Johnson v. Aetna Cas. & Sur. Co., 5 Cir., Ga., 104 F.2d 22.

The case at bar does not involve the master-and-servant relation, workmen's compensation statutes or the Employers Liability Act. Hence, it is stronger for the assured than any of the above cited cases from other jurisdictions. However, the reasoning of the majority of the cited cases lends support to the rule enunciated in Nichols v. Hawkeye Casualty Co., 233 Iowa 838, 10 N.W.2d 533, supra. We reaffirm that decision and hold the insurance policy covers the accident involved in this case.

This conclusion is contrary to the decision of the distinguished trial court. It makes unnecessary the consideration of various other propositions presented by defendants. The cause is reversed and remanded with instructions that judgment be entered declaring the rights and liabilities of the parties in accordance herewith.—Reversed and remanded.

MULRONEY, C. J., and BLISS, GARFIELD, WENNERSTRUM, MANTZ, and HAYS, JJ., concur.