BOLIN, Judge.
For the reasons shown in the consolidated' case of Graham v. Hartford Accident and Indemnity Company and State Farm Mutual Automobile Insurance Company, and Franklin State Bank & Trust Company, Intervenor, La.App., 159 So.2d 333, plaintiff, Dr. *332 Sheldon Teer, is entitled to a judgment against State Farm Mutual Automobile Insurance Company for personal injuries and special damages resulting from an automobile collision.
In arriving at a proper award for plaintiff, the lower court in its written reasons found:
“Dr. Teer suffered a concussion of the brain, lacerations of the nose, contusions to his chest and both elbows. Counsel for Teer alleged he suffered excruciating pain during the operation on his nose. This is supported by a statement of Dr. W. A. Chapman who made a written statement to the effect that ‘it was necessary to suture the lacerations of the ala nasi and nasal septum without any anesthetic or analgesia since Dr. Teer was sensitive to these forms of medication.’ This statement was borne out by the testimony of Dr. Lorenz Teer. Dr. Lorenz Teer stated that he also suffered a brain concussion ‘from the way he talked.’ This was more or less corroborated by Dr. George D. Edwards of the Delhi Clinic. We, therefore award Dr. Sheldon Teer the following amounts:
“1. Pain and Suffering, $3,500.00
2. Injuries to nose and future surgery, 500.00
3. Permanent effect of brain concussion, 1,500.00
4. Deductible on auto repair, 50.00
5. St. Charles Legion Hospital 10.00
6. Delhi Clinic 44.00
TOTAL $5,604.00”
As the above award is fair and reasonable and supported by the record, we see no reason to change it.
Plaintiff Hartford Fire Insurance Company, as the collision insurer of Dr. Teer, paid him the sum of $1819.75 for property damage to his vehicle and joined him in the suit in order to recover this amount, and the lower court rendered judgment in sub-roge.e’s favor on this claim. There is no contest as to the correctness of this sum in the event the court finds the accident was caused by the negligence of defendant Emfinger.
The judgment appealed from is, therefore, affirmed at appellants’ cost.
Affirmed.