159 So.2d 333 (1963)
Willie Thomas GRAHAM, Plaintiff-Appellee,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellant, and
State Farm Mutual Automobile Insurance Company, Defendant-Appellant, and
Franklin State Bank & Trust Company, Intervenor-Appellee.
No. 10036.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1963.
Rehearing Denied January 9, 1964.
Writ Refused March 16, 1964.
*334 Hudson, Potts & Bernstein, Monroe, for Hartford Accident and Indemnity Co.
Theus, Grisham, Davis Leigh & Brown, Monroe, for State Farm Mut. Automobile Ins. Co.
McKeithen, Mouser & McKinley, Columbia, for Willie Thomas Graham.
Berry & Lee, Winnsboro, for intervenor.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is one of three consolidated cases arising out of an accident involving three vehicles which occurred on the night of November 22, 1960, on Louisiana Highway No. 4 in Tensas Parish. From judgment in plaintiff's favor and against defendants in solido for $10,592, defendants have appealed. The lower court also recognized a chattel mortgage on plaintiff's vehicle in favor of Franklin State Bank & Trust Company in the sum of $781.60 and ordered said amount be paid to intervenor from the amount awarded Graham. This portion of the judgment is not questioned by appellants in the event the judgment is otherwise affirmed.
Since the lower court detailed the facts in the written reasons assigned for its judgments, we shall review only those material to this opinion. The accident happened on a rather dark night immediately following a rain which caused the highway to be slippery and the atmosphere to be slightly foggy. The blacktop road in the vicinity of the accident was approximately twenty feet wide, was practically straight and level with shoulders on each side about four feet wide. Plaintiff Graham was proceeding in an easterly direction on this highway and Dr. Sheldon Teer, the insured of defendant Hartford Accident and Indemnity Company, was driving his Chevrolet passenger car in a westerly direction. Sidney Emfinger, a state game warden, had parked his dark-colored pickup truck, insured by State Farm Mutual Automobile Insurance Company, facing west on the same highway. The automobile driven by Dr. Teer struck the left rear of the parked Emfinger truck which collision projected the Teer automobile into the *335 south lane of the highway where it immediately collided with the oncoming Graham vehicle. The principal dispute is whether Emfinger's truck was parked wholly on the shoulder of the road or whether it was partially or wholly on the hard-surfaced portion thereof.
Graham brought suit against Hartford Accident and Indemnity Company, Dr. Teer's liability insurer, and State Farm Mutual Automobile Insurance Company, Emfinger's liability insurer.
Dr. Teer brought suit against Emfinger and his insurer, State Farm Mutual Automobile Insurance Company, for alleged personal injuries and related damages suffered by him in the accident. (See 159 So.2d 331.)
Joel R. Wilson, a guest passenger in Dr. Teer's car, also instituted suit against Emfinger and State Farm Mutual Automobile Insurance Company for alleged personal injuries and special related damages suffered by him in the accident. (See 159 So.2d 332.)
As to fault, the crux of this case is the determination of where the Emfinger truck was parked. If this dark-colored truck was parked partially on the highway at night without lights, Dr. Teer cannot be adjudged guilty of negligence for striking it with his car in view of the other facts in the case.
After reviewing the record, we are in accord with the factual findings of our late, esteemed brother on the district bench who found as follows:
"It is charged by all plaintiffs that Emfinger, who is a State Game Warden, left his truck parked partly upon the paved surface of the highway with no lights or flares burning. Mr. Emfinger contended he was parked entirely off the highway while plaintiffs alleged and testified that a portion of the truck was on the pavement. Mr. Graham, Mr. Wilson, and Dr. Teer testified that the truck was partly on the highway, while Mr. Vance Herring who accompanied Mr. Emfinger stated he did not notice whether the truck was parked wholly on the shoulder or in part upon the paved highway. The only witness who denied that the truck was parked partly on the highway was Mr. Emfinger.
"If, as Emfinger claims, his truck was parked entirely off the highway, then this would have necessitated Dr. Teer driving off the pavement on to the shoulder for no apparent reason in order to strike the Emfinger truck.
"There was considerable testimony relative to the width of the shoulders but the preponderance of the evidence showed that the Emfinger vehicle was partially parked on the pavement, and this Court holds that Emfinger was primarily responsible for the collision and resulting injuries."
We further find Dr. Teer was operating his vehicle at a reasonable rate of speed and in a careful and prudent manner. Because of the dark color of the Emfinger truck, the absence of any lights thereon, and the lights of the oncoming Graham vehicle, Dr. Teer was not negligent in failing to see the parked Emfinger truck until it was impossible for him to stop. Under these circumstances he was faced with an emergency created entirely by the negligence of Emfinger. The obscurity of this parked, unlighted and dark-colored truck coupled with the lights of the approaching Graham car exonerates Dr. Teer from any negligence.
Under these facts we think our jurisprudence clearly supports a finding that the accident was caused solely by the negligence of Mr. Emfinger. The law is appropriately stated in Vowell v. Manufacturers Casualty Insurance Co. et al., 229 La. 798, 86 So.2d 909 (1956):
"Our rule that a motorist traveling on the public highways after dark or during a rainstorm, fog, or other abnormal condition, which prevents him seeing *336 ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A. 1917F, 253; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1."
This principle has been reiterated and consistently followed by the courts. See D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908 (1960); Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377 (1940); Mose v. Ins. Co. of State of Penn. (La.App. 3 Cir. 1961) 134 So.2d 312; Smith v. Henry (La. App. 2 Cir. 1962) 147 So.2d 416.
It is well settled that an unlighted vehicle, parked or moving upon the highway at night, constitutes just such an "unexpected or unusual obstruction" to an approaching motorist. See Vowell v. Manufacturers Casualty Ins. Co., supra, unlighted lumber truck; D & D Planting Company v. Employers Casualty Co., supra, unlighted tractor and fertilizer trailer on road; Suire v. Winters, 233 La. 585, 97 So.2d 404 (1957), unlighted, loaded cane truck and trailer; Puissegur v. Louque (La.App. 1 Cir. 1959) 113 So.2d 795, unlighted automobile; Mose v. Ins. Co. of State of Pennsylvania, supra, unlighted farm wagon; Smith v. Henry, supra, poorly lighted pickup truck.
The lower court was clearly correct in concluding the accident was unavoidable insofar as Dr. Teer was concerned, but erred in casting his liability insurer, Hartford Accident and Indemnity Company for liability in solido with Emfinger's insurer. This portion of the judgment is erroneous because the liability insurer has no greater liability than the insured.
Mr. Graham suffered serious and painful injuries in the accident. While there is considerable dispute as to the nature and duration of these injuries, we think the evidence supports a finding that he possibly had a ruptured or herniated disc in his back and permanent and disabling injuries to his left knee. He was unable to work for some time following the accident and will undoubtedly have a loss of earning capacity for an indefinite length of time in the future. For such injuries the lower court awarded him a total sum of $10,592, of which amount $9,747 was for his personal injuries, loss of earnings and medical expenses, and the remaining $845 for property damage to his vehicle. The evidence supports such an award and we find it neither excessive nor inadequate. The district judge was in a much better position to fix the quantum of the award than this court, and unless such judgment is clearly erroneous, we are not inclined to alter it.
For the reasons assigned the judgment appealed from is reversed insofar as it was rendered against Hartford Accident and Indemnity Company, but otherwise it is affirmed and recast and it is now:
Ordered, adjudged and decreed that judgment is rendered in favor of Willie Thomas Graham and against State Farm Mutual Automobile Insurance Company for the total sum of $10,592, of which $9,747 is for personal injuries and related special items and $845 thereof for property damage to the truck.
There is further judgment in favor of Franklin State Bank & Trust Company, Intervenor, for $781.60, together with 6% per annum interest thereon from December 25, 1960, until paid and costs, to be paid from the amount which Willie Thomas Graham is awarded.
It is further ordered that defendant, State Farm Mutual Automobile Insurance Company *337 pay legal interest on the total award from judicial demand until paid together with all costs.
Affirmed in part, reversed in part and recast.