168 So.2d 365 (1964)
Nolan J. EDWARDS et ux., Plaintiffs-Appellees,
v.
Lezime J. TRAHAN et al., Defendants-Appellants.
No. 1284.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
Rehearings Denied November 18, 1964.
*366 Mouton, Champagne & Colomb, by George J. Champagne, Jr., Lafayette, Frank L. Maraist, Abbeville, for defendants-appellants.
Edwards & Edwards, by Nolan J. Edwards, Crowley, for plaintiffs-appellees.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
TATE, Judge.
This is a tort suit arising from a rear-end collision wherein after dark an automobile driven by the plaintiff Nolan Edwards crashed into the unlighted rear of a tractor-haywagon combination driven by the defendant Lezime Trahan. The plaintiff and his wife sue for their personal injuries resulting from the accident. They sue Trahan and his insurer ("Central Mutual") under a comprehensive personal liability coverage.
The defendants appeal from judgment in favor of the plaintiffs in this and in the companion suits by other passengers in the Edwards vehicle, Edwards v. Trahan, 168 So.2d 369 and Edwards et ux. v. Trahan, 168 So.2d 370.
The trial court held that the sole proximate cause of the present accident was the defendant Trahan's failure, while travelling after dark, to have the rear of the hay-loaded wagon he was hauling equipped with a lighted rear red signal light, as required by the statutory provision now incorporated as LSA-R.S. 32:304.
In urging error in such ruling, the defendants contend Trahan's negligence was not a proximate cause of the accident. The co-defendant insurer ("Central Mutual") further contends that its policy did not cover Trahan's liability at the time of the accident because of a clause excluding coverage for business activities.
1. Negligence Causing the Accident.
The accident occurred after dark. The defendant Trahan had no lights, reflectors, or signals on the rear of the wagon hauled by his tractor. A huge stack of hay was loaded on the wagon, which obliterated from view the front and rear tractor lights.
The defendants contend that Trahan's negligence in not having taillights at night was a remote rather than a proximate cause *367 of the accident. They argue that the evidence support a factual interpretation that the accident was instead caused by Edward's highly excessive speed and by his imprudent attempt to pass the haywagon until oncoming traffic forced his return to his own lane too late to avoid crashing into such wagon. It is contended that Edward's negligence in these respects was the sole proximate cause of the accident (or at least a concurrent proximate cause), and that Edwards had the last clear chance to avoid the accident.
Despite counsel's skillful arguments, we find that the great preponderance of the evidence supports the trial court's factual findings to the following effect: The slowly (8-10 mph) moving unlighted haywagon constituted, under the circumstances, an obscured unexpected and unusual obstruction in the highway which the plaintiffs' driver Nolan Edwards could not reasonably have anticipated or observed sooner than he did. Edwards was approaching at a lawful and reasonable speed of under 60 mph at the time. His vision and his ability to observe the unlighted obstruction in his path were also somewhat hampered by the lights of three vehicles in oncoming southbound traffic, which prevented him from passing the trailer in the other lane after he had observed same as soon as reasonably possible but at a time when he could not reasonably have avoided striking it by swerving, slowing, or stopping.
The trial court correctly held that a proximate cause of the accident was the negligence of Trahan in proceeding on the highway without rear reflectors or lights so as to warn oncoming traffic, as required by statute. D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So. 2d 908; Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891. Likewise, under the circumstances, the plaintiff Edwards, as the driver of the vehicle approaching from the rear, was free of contributory negligence in colliding with this obscure unexpected and unlighted obstruction in the highway, which he could not reasonably have anticipated or perceived sooner. Vowell v. Manufacturers Casualty Co., 229 La. 798, 86 So.2d 909; Graham v. Hartford Accident and Indemnity Co., La.App. 2 Cir., 159 So.2d 333; Mose v. Insurance Co. of Pa., La.App. 3 Cir., 134 So.2d 312; Fontenot v. Lafleur, La.App. 3 Cir., 124 So. 2d 607. We affirm the trial court's holding in these regards.
2. Coverage Afforded Trahan by the Central Mutual Policy.
The co-defendant insurer, Central Mutual, had issued to the defendant Trahan a "Homeowners Policy". Included in it as "Coverage E-Comprehensive Personal Liability" was an agreement to pay all sums which the insured became legally obligated to pay as damages because of bodily injury or property damage. This coverage included insurance upon the operation of farm tractors and trailers.
However, the defendant insurer alleges that coverage was excluded for the present accident under a "Special Exclusions" provision of the policy which provided: "Section II [which included Coverages E, F, and G] of this Policy Does Not Apply: (a) (1) to any business pursuits of an Insured, other than under Coverages E and F, activities therein which are ordinarily incident to non-business pursuits, * * *".
The insurer-appellant contends that the liability under Coverage E is excluded for business pursuits of the insured by this provision; and that Trahan, the insured, was engaged in transporting hay for business purposes at the time of the accident. On the other hand, the plaintiffs-appellees and the defendant Trahan all urge that the intention of the clause was to exclude business pursuits except for Coverages E and F, which meaning they contend is supported by a construction of policy provisions as a whole; alternatively, these parties further contend that, even if business pursuits were excluded, Trahan nevertheless was covered at the time of the accident because he *368 was on a personal and non-business mission, namely, transporting hay home only to be used by his household cattle.
Since we agree with the trial court that the evidence clearly shows that Trahan was not engaged in a business pursuit at the time of the accident, it is unnecessary for us to discuss the forceful contentions that the policy provisions were not intended to exclude activities in business pursuits from the Coverage E insuring provisions.
The defendant Trahan earned his livelihood by renting some 16 houses and by baling hay as a business during certain seasons of the year. In connection with the latter business operations, he owned and maintained some tractors, a baler, and certain other equipment, which he stored in a large (14,000 bale) barn on his business premises some two or three blocks from his home.
In connection with his haying operations, the defendant Trahan would proceed to the premises of interested farmers to cut and bale hay at 35¢ per bale with his own equipment. Additionally, he often purchased excess hay not needed by the farmer at 5¢ per bale, which Trahan brought to his own large commercial barn for resale to other farmers. Trahan had purchased from his farmer customer the 205 bales he was bringing home from his haying operations that day, and the insurer-appellant contends that these bales were purchased for such commercial or business purposes.
On the other hand, Trahan also occasionally purchased choice hay in small quantities for the consumption of his household cattle, mostly maintained at his home premises. This included about ten head, usually three milk cows (for family consumption) and their calves, and assorted heifers and steers. Those not used for milk cows were eventually slaughtered for his deep-freezer and home consumption by his family. The cattle were thus maintained solely for family and non-business purposes. The hay he purchased to feed them was brought to a small barn in the backyard of the residence, some 2-3 blocks away from his commercial barn on his business premises.
According to the uncontradicted evidence, the 205 bales of choice grass hay which Trahan was transporting at the time of the accident, had been purchased to be brought back to Trahan's backyard barn to be fed to his household cattle. This is corroborated not only by Trahan's testimony, but by statements made to other witnesses prior to the accident, and by Trahan's actions with respect to the hay after it. Further, the haywagon had been brought to the farmer's premises where the hay was cut and baled for the specific purpose of bringing this hay back to Trahan's home barn for Trahan's personal use.
Under these circumstances, we think the trial court correctly concluded that the evidence shows that Trahan was engaged in a non-business pursuit at the time of the accident, namely, transporting back to his own premises the hay he had purchased for non-business purposes; and that therefore the defendant insured had not borne its burden of proving that Trahan's activities at the time of the accident fell within any exclusion of business pursuits from the comprehensive personal liability coverage furnished to Trahan by said insurer.
Further, the evidence shows that the tractor was hauling back only the wagon loaded with personal hay, which wagon had been brought to the hay-cutting operations solely for such non-business purposes. We need therefore refer only briefly to the insured's contention that, at the very least, the return of equipment used in the operation of baling hay for a profit should be regarded as excluded from coverage as being part of a business pursuit. Even should the return of the business tractor be regarded as part of a business pursuit, the tractor was primarily being used to haul back the personal hay for non-business purposes *369 and thus in an activity "ordinarily incident to non-business pursuits" so as nevertheless to be within the policy coverage, even under Central Mutual's construction of the exclusion clause above-quoted. Security National Insurance Co. v. Sequoyah Marina, Inc., 10 Cir., 246 F.2d 830 (1957) (activities of mechanic in repairing non-business pleasure boat were incident to non-business use of boat and thus not within business pursuits exclusion); cf., United Fire & Cas. Co., 243 Iowa 1342, 55 N.W. 2d 180 (1952) (farmer transporting equipment from one custom baling location to another, not within clause excluding coverage while engaged in custom farming).
3. Conclusion.
We therefore affirm the trial court's holding that Trahan and his insurer are liable for damages resulting from the accident. The insurer's liability is of course limited to its policy limits.
As to the quantum awarded in this and the two companion suits, we find the special damages to be proved by the evidence, and the general damages awarded the respective plaintiffs to be supported by the evidence, not manifestly excessive, and within the discretion of the trial court; and we affirm same. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. Although the defendants-appellants especially contend that the evidence does not support the award of $7500 to C. W. Edwards for the loss to the community of past and future earnings of Mrs. C. W. Edwards, we likewise find this award to have been proper under the circumstances, where Mrs. Edwards, employed both as a practical nurse and as a co-manager of a motel with substantial earnings at the time of the accident, sustained very severe personal injuries, which have resulted in almost a complete and permanent disability of her left leg, disabling this 60-year-old lady from returning to her longtime occupation as practical nurse and greatly limiting her performance of motel duties.
For the foregoing reasons, we affirm the judgments in favor of the plaintiffs in this and in the two companion suits. The costs of the appeals are to be paid by the defendants-appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearings denied.